UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:13-CR-00020-GFVT-HAI-25 |
| ) | |
| V. ) | |
| ) | |
| ANNA DAVIS, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 1398.] Defendant Anna Davis has been charged with eight violations of her terms of supervised release. *Id.* at 2.

In July 2014, Ms. Davis pleaded guilty to a violation of 21 U.S.C. § 846, conspiracy to manufacture a detectable amount of a mixture or substance containing methamphetamine. Ms. Davis was originally sentenced to twenty-four months of imprisonment followed by three years of supervised release. Ms. Davis began her initial term of supervision on February 1, 2015. Magistrate Judge Hanly A. Ingram sets out a more thorough history of Ms. Davis's time on supervision, which is incorporated by reference and adopted here. Briefly, the Court approved no action in relation to a public intoxication arrest in February, 2016. Ms. Davis was revoked in January 2017 and sentenced to six months imprisonment for violations related to use of controlled substances. Subsequently, the Court twice approved requests that no action be taken in connection with drug use during a domestic incident in June, 2019 and use of suboxone without a prescription in December, 2019. [R. 1398 at 1-2.]

The United States Probation Office (USPO) issued the instant Supervised Release Report ("the Report") on May 1, 2020, and an addendum on May 18, 2020. *Id.* at 2. The Report, together with the Addendum, charges eight violations. Violation 1 alleges Ms. Davis violated the condition requiring her to refrain from any unlawful use of a controlled substance. Ms. Davis tested positive for methamphetamine on May 20, 2020. This is a Grade C violation. Violation 2 alleges Ms. Davis violated the condition requiring her not to commit another federal, state or local crime. The Sixth Circuit has held that use is the equivalent of possession, and given Defendant's history, the simple possession of methamphetamine constitutes conduct in violation of 21 U.S.C. § 844(a), a Class E felony. This is a Grade B violation. Violation 3 alleges Ms. Davis violated the condition requiring her to refrain from any unlawful use of a controlled substance. On April 21, 2020, the Paris Police Department responded to a domestic dispute between Ms. Davis and her ex-boyfriend, and Ms. Davis informed police she had taken "one hit" of marijuana during the dispute. This is a Grade C violation. Because the Sixth Circuit has ruled that use is equivalent to possession and in light of Ms. Davis's criminal history, this conduct is a Class E felony and a Grade B violation.

Violations 5 and 6 allege Ms. Davis violated the conditions of her supervision requiring that she answer truthfully to questions asked by her probation officer. On May 15, 2020, Ms. Davis attempted to falsify a urine sample by submitting another individual's urine for urinalysis. The probation officer questioned Ms. Davis about her unusual behavior while giving the sample, and Ms. Davis denied trying to submit somebody else's urine. A saliva drug test was administered, and Ms. Davis denied using illegal substances. When questioned about the urine sample again, Ms. Davis denied submitting a false sample at first, but eventually admitted she had obtained another person's urine, and produced a bottle containing the urine. Violations 5

and 6 are Grade C violations.

Violation 7 also alleges Ms. Davis violated the condition requiring her to refrain from any unlawful use of a controlled substance. After admitting to falsifying the first test, Ms. Davis submitted to a second urine test on May 15, 2020, which was positive for methamphetamine. Ms. Davis admitted she had used meth on May 8, 2020. This is a Grade C violation. Violation 8 alleges Ms. Davis violated the condition requiring her not to commit another federal, state or local crime. The Sixth Circuit has held that use is the equivalent of possession, and given Defendant's history, the simple possession of methamphetamine constitutes conduct in violation of 21 U.S.C. § 844(a), a Class E felony.

At her initial appearance before Magistrate Judge Hanly A. Ingram on May 21, 2020, Ms. Davis entered a knowing, voluntary, and intelligent waiver of her right to a preliminary hearing. [R. 1393.] The United States made a motion for detention, and Ms. Davis argued for release to an inpatient drug treatment center. Judge Ingram determined that detention was required. *Id*. On May 26, 2020, Judge Ingram held a final revocation hearing where Ms. Davis competently entered a knowing, voluntary, and intelligent stipulation to violations 3 through 8 as set forth in the Report. [R. 1397.] The United States moved to dismiss Violations 1 and 2. *Id.*

At the hearing, the government argued for revocation with fourteen months of imprisonment and no supervised release to follow. Counsel for Ms. Davis argued for revocation with two months of imprisonment, followed by release to the Chrysalis House for inpatient treatment. In its argument, the government highlighted Ms. Davis's history of non-compliance on supervised release, the need to deter future conduct, and the need to protect the public. Additionally, the government pointed out that Ms. Davis had benefited from downward departure in the past, and had previously been ordered to undergo outpatient treatment in lieu of

3

revocation in 2019. Counsel for Ms. Davis argued that she was experiencing a high degree of stress due to being out of work because of the COVID-19 pandemic, abuse at the hands of her ex-boyfriend, and her recent arrest. Defense counsel stated that Ms. Davis had been accepted to Chrysalis House before her arrest for drug and mental health treatment. Judge Ingram heard from Ms. Davis who echoed her counsel's statements and asked the Court to take her desire for treatment into account. Subsequently, Judge Ingram prepared a Recommended Disposition. [R. 1398.]

Judge Ingram reviewed the entire record and considered the parties' arguments. With a criminal history category of I and a Grade B[1] violation, Ms. Davis's range under the Revocation Table of Chapter 7 is four to ten months. *See* U.S.S.G. § 7B1.4(a). Ultimately, Judge Ingram recommended a sentence of twelve months and one day with no period of supervision to follow. [R. 1398.]

In crafting his recommendation, Judge Ingram considered the relevant § 3553 factors in the context of the § 3583 analysis. Judge Ingram began by noting that revocation was mandatory under these circumstances, because Ms. Davis possessed a controlled substance. While there could be an exception if a suitable treatment option were available, Judge Ingram determined that Ms. Davis's record of involvement in treatment and repeated violations did not warrant such an exception. *Id.* at 8. As Judge Ingram explained:

> [Ms. Davis] has one of the most extensive substance abuse treatment records the Court has seen. The Court has provided [Ms. Davis] with every opportunity it can to allow her to better herself and overcome her addiction and she has repeatedly breached the Court's trust, including testing positive for illicit substances while participating in that treatment.

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

*Id.* at 8–9.  The treatment Judge Ingram referenced in his Recommended Disposition includes approximately 1 year of outpatient therapy at Cumberland River, intensive outpatient therapy at Baptist Health in Corbin during February 2016, inpatient treatment at the Chrysalis House from June 2017 to October 2018, individual counseling at Cumberland River Behavioral Health in June 2019, Suboxone treatment and outpatient counseling through Dayspring in November 2019, and most recently Suboxone treatment through Denova.  *Id.* at 9, n. 4.  In light of the foregoing, Judge Ingram recommended incarceration instead of treatment with no period of supervision to follow.  It is clear that treatment has not sufficed to curb Ms. Davis's drug addiction, nor has she been able to comply with the terms of her supervision.  However, Judge Ingram recommended twelve months and one day of incarceration so that Ms. Davis would be eligible for good time credit, as "one last effort by the Court to prove to Defendant that, if she complies with the rules, good things will happen."  *Id.* at 11.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service.  *Id.* at 16; *see* 28 U.S.C. § 636(b)(1).  No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party.  Instead, Ms. Davis has filed a waiver of allocution.  [R. 1403.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and

recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 1398**] as to Defendant Anna Davis, is **ADOPTED** as and for the Opinion of the Court;

2. Ms. Davis is found **GUILTY** of Violations 3 through 8;

3. Violations 1 and 2 are **DISMISSED** upon oral motion of the United States;

4. Ms. Davis's Supervised Release is **REVOKED;**

5. Ms. Davis is hereby sentenced to a term of incarceration of **twelve (12) months and one (1) day**, with no term of supervision to follow; and

6. Judgment shall enter promptly.

This the 17th day of July, 2020.

Gregory F. Van Tatenhove
United States District Judge